# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| ADVANCED DERMATOLOGY, | ) | Case No. 1:17 CV 251 |
| | ) | |
| Plaintiff(s), | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| ADV-CARE PHARMACY, INC., | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the Court on the Motion of Defendant Adv-Care Pharmacy, Inc. ("Adv-Care") to Dismiss for lack of personal jurisdiction and lack of standing pursuant to Rules 12(b)(2) and 12(b)(1). (ECF #10). For the reasons discussed below, Defendant's Motion to Dismiss is denied.

## Procedural and Factual Background

Plaintiff Advanced Dermatology filed this action on February 7, 2017 against Defendant Adv-Care, on behalf of itself and a purported nationwide class, asserting a single claim for violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TPCA"). Plaintiff's Complaint contains the following averments:

> 2. Defendant is a Canadian Corporation.
>
> 3. Defendant sells pharmaceutical drugs into the United States and solicits medical offices 'targeting medications in your medical field" asking that the information be passed on to patients.
>
> 4. Plaintiff is a resident of Ohio who received an unsolicited facsimile from Defendant on its office fax machine without consent.

> 7. On or about September 29, 2016, Plaintiff received a facsimile on its fax machine from Defendant.
>
> 8. The form fax was two pages and stated it was from: "ADVCare Pharmacy".
>
> 9. The fax, attached hereto as Ex. 1, solicited the Plaintiff to provide Adv-Care info to its patients.
>
> 10. Plaintiff had no business relationship with Defendant, did not give Defendant its number, and had not consented to be sent a facsimile.
>
> 11. No opt out notice was provided as required on all faxes.
>
> 12. On information and belief, Defendant continues to send these facsimiles nationwide without prior consent to do so.
>
> 13. Plaintiff was damaged by these calls by suffering a monetary loss due to the calls, incurring the costs of the use of facsimile paper, ink and toner, loss of employee time to review the fax, invasion of privacy, nuisance, interruption of work, trespass to its chattel by interfering with its office facsimile used to aid patients, stress, aggravation, and because a violation of the TCPA itself is a concrete injury.

(ECF #1)

In response to Plaintiff's Complaint, Defendant Adv-Care filed the instant Motion to Dismiss on September 5, 2017. The Motion is supported by the Declaration of Amr Bannis, the Treasurer of Defendant Adv-Care. (ECF #10-2) Mr. Bannis' Declaration sets out Adv-Care's connections (or lack thereof) with Ohio as follows:

2. Adv-Care is a Canadian company with its headquarters and primary place of business in Markham, Canada.

3. Adv-Care is not registered with the Ohio Secretary of State to do business in Ohio.

4. Adv-Care does not maintain an office or other place of business in Ohio, and does not have any employees in Ohio.

5. Adv-Care does not have any property in Ohio.

6. Adv-Care does not maintain any bank accounts in Ohio.

7. Adv-Care does not derive substantial revenue from goods used or consumed or services rendered in Ohio.

8. The cover letter of the fax [received by Plaintiff] contains a toll-free fax number in Canada.

9. The contact information on the fax cover letter is for Travis Oriczi, Adv-Care's Customer Service Manager, who works in Canada.

10. No Adv-Care employee has traveled to Ohio on official business;

11. Adv-care has not made a sale to Plaintiff, negotiated with Plaintiff, or entered into a contract with Plaintiff;

12. Adv-care first contracted with a third party vendor to start sending faxes in 2015.

13. I have contacted the third party vendor and it does not maintain a record of sent faxes. The third party vendor, located in Canada, was not paid based on commission.

14. My contacts list indicates that Adv-Care has contacted four entities in the state of Ohio since 2015.

15. Adv-Care has, at most, sent one to two faxes to each of these four entities since 2015 via the third party vendor.

16. Adv-Care has no record of faxing or contacting Plaintiff.

Based upon these facts Defendant asserts that this Court does not have personal jurisdiction over Adv-Care because Ohio's Long Arm statute does not extend to statutory violations like the one at issue and because any assertion of personal jurisdiction over Defendant would not comport with the due process clause of the Constitution. Defendant also moves to dismiss the Complaint because Plaintiff's alleged injuries are not sufficiently concrete to establish Article III standing.[1]

## STANDARD OF REVIEW

Pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a case for lack of personal jurisdiction. Once the defendant makes such a motion, the

---

[1] Defendant abandoned its standing challenge following Plaintiff's opposition detailing why its TCPA claim comports with the standing requirements of *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540 (2016). See *Whiteamire Clinic, P.A. Inc.v. Cartridge World N. America, LLC.*, No. 1:16 CV 226, 2017 WL 561832 at *3 (N.D. Ohio Feb. 13, 2017)(citing *Imhoff Inv., L.L.C. v. Alfoccino, Inc.*, 792 F.3d 627, 632 (6th Cir. 2015) finding a Plaintiff has standing to assert claim under the TCPA because allegation of an injury involving time lost due to reviewing junk emails constitutes both a concrete and particularized injury.) The Court concurs that Plaintiff here has standing to maintain this TCPA action.

plaintiff bears the burden of proof that the Court does indeed have personal jurisdiction over the defendant. *Air Prods. and Controls, Inc. v. Safetech Intern., Inc.*, 503 F.3d 544, 549 (6th Cir. 2007). Furthermore, if the Court relies solely on written submissions to resolve a Rule 12(b)(2) motion, the plaintiff's burden is "relatively slight"—the plaintiff need only make a prima facie showing of personal jurisdiction in order to quash defendant's motion. *Theunissen v. Matthews d/b/a Matthews Lumber Transfer*, 935 F.2d 1454, 1458 (6th Cir. 1991). The trial court must view the pleadings and affidavits in the "light most favorable" to the non-moving party, but the "defendant's undisputed factual assertions may be considered." *Air Prods.*, 503 F.3d at 549.

Finally, under Ohio law, "personal jurisdiction over non-resident defendants is available only if (1) the long-arm statute confers jurisdiction and (2) jurisdiction is proper under the Federal Due Process Clause." *Conn v. Zakharov*, 667 F.3d 705, 711 (6th Cir. 2012). The critical constitutional due process inquiry is whether the defendant has sufficient "minimum contacts" with the forum state so that the district court's exercise of jurisdiction over it comports with "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Depending on the type of minimum contacts in a case, personal jurisdiction can either be general or specific. *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1263 (6th Cir. 1996); *Reynolds v. Intern. Amateur Athletic Ass'n*, 23 F.3d 1110, 1116 (6th Cir. 1994). General jurisdiction exists where a defendant's "continuous and systematic" contacts with a forum render the defendant amenable to suit in any lawsuit brought against it in the forum. Specific jurisdiction exists if the subject matter of the lawsuit arises out of or is related to the defendant's contacts with the forum. *See Nationwide Mut. Ins. Co. v. Tryg Int'l Ins. Co., Ltd.*, 91 F.3d 790, 793 (6th Cir. 1996). In this case, only specific jurisdiction is applicable. The Sixth

Circuit has consistently applied the following criteria to determine whether specific jurisdiction exists:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum to make the exercise of jurisdiction over the defendant reasonable.

*CompuServe, Inc. v. Patterson*, 89 F.3d 1257,

## LAW AND ARGUMENT

This Court can establish personal jurisdiction over Defendant Adv-Care if: 1) Ohio's long-arm statute, O.R.C. § 2307.382, permits jurisdiction; and 2) exercising jurisdiction does not deprive Adv-Care of its due process rights under the Fourteenth Amendment. *U.S. Sprint Communications Co. Ltd. Partnership v. Mr. K's Foods, Inc.*, 68 Ohio St.3d 181, 183-184 (Ohio Sup. Ct. 1994). The Court will consider both elements of personal jurisdiction in turn.

### A. Ohio's Long Arm Statute Confers Personal Jurisdiction Over Defendant.

Plaintiff argues that Ohio's long-arm statute, O.R.C. § 2307.382, grants this Court personal jurisdiction over Defendant because Defendant caused tortious injury to Plaintiff in Ohio. (ECF # 14 at 6). O.R.C. § 2307.382 specifies, in part, that:

> (A) A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action a rising from the person's:
>
> \*\*\*
>
> (3) Causing tortious injury by an act or omission in this state;

(4) Causing tortious injury by an act or omission outside this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;

\*\*\*

(6) Causing tortious injury in this state to any person by an act outside this state committed with the *purpose of injuring persons*, when he might *reasonably have expected that some person would be injured thereby in this state*. (Emphasis added).

\*\*\*

(C) When jurisdiction over a person is bases solely upon this section, only a cause of action arising from act enumerated in this section may be asserted against him.

Plaintiff argues that a TCPA claim, such as the one asserted by Plaintiff, is founded in tort and thus is covered by the Ohio long arm statute. Defendant disagrees, arguing that the Ohio long arm statute, on its face, does not apply to statutory violations, only to business transactions, breach of contract or tort causes of action. While this issue has not been analyzed in any depth, Ohio courts have determined that TCPA claims are covered by the Ohio long arm statute. See *Betor v. Quantalytics, Inc.*, No. 465693, 2003 WL 22407121 (Cuy. Cty Common Pleas, Oct. 3, 2003). In *Betor*, an Ohio Plaintiff sued an out of state Defendant alleging that the Defendant violated the TCPA by sending Plaintiff an unsolicited fax advertisement. The Court determined that it had specific personal jurisdiction over the out of state defendant under the Ohio long arm statute because it provides that a court may exercise personal jurisdiction over any person who acts directly or by an agent, as to a cause of action arising from the person "who is alleged to have engaged in any conduct which

7

results in tortious injury in Ohio." The Court explained that "[a] violation of the TCPA is a statutory tort. Plaintiff's claims are grounded in the tortious conduct of the nonresident defendant in causing illegal unsolicited fax advertisements to be transmitted to Ohio." Noting that "a lawsuit under the TCPA is akin to a claim based upon trespass and conversion," the Court found that "Defendant effectively seized control of plaintiff's fax machine, paper, electricity and ink. Defendant then used them to print its advertisements. This unauthorized seizure of Plaintiff's fax machine took place in Ohio, as did the unauthorized taking and use of plaintiff's fax paper, electricity and ink. Hence, the tort and the injury occurred in Ohio, and this Ohio court therefore has specific jurisdiction to hear and decide this case." See also, *Pricom Asphalt Sealcoating, Inc. v. Furnas*, No. 2008-G-2854, 2009 WL 1655031 (Ct. App. 11th Dist. June 12, 2009)("Violations of the TCPA constitute congressionally created torts...When committed by a tortfeasor operating from a foreign jurisdiction, personal jurisdiction in the Ohio courts is appropriate under R.C. 2307.382(A)(4) or (6).")

Inasmuch as the Court has been unable to find any Ohio case where a court determined that a TCPA claim was not subject to the Ohio long arm statute, and Defendant has not submitted any such case, the Court will apply the Ohio long arm statute in this action. The 11th District Court of Appeals in *Pricom* suggested that sections 2307.382(A)(4) and/or (6) of the long arm statute would apply where as here, a defendant operating from a foreign jurisdiction allegedly violates the TCPA. Adv-Care argues that R.C. 2307.382(A)(4), which permits the exercise of personal jurisdiction over a person who "caused injury in this state by an act or omission outside this state if he regularly does or solicits business, or engages

in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state" does not apply because Adv-Care does not regularly solicit business, engage in a persistent course of conduct, or derive substantial revenue from Ohio. However, the Declaration of Mr. Bannis belies this and demonstrates that Adv-Care has engaged in a persistent course of conduct in Ohio and regularly solicits business in Ohio. At a minimum, Adv-Care acknowledges that it sent at least two faxes per year since 2015 to four people in Ohio, not including Plaintiff. Moreover, Adv-Care admitted that it engaged an agent to send solicitations on its behalf but did not know to whom the agent sent solicitations. This raises the inference that many more fax solicitations may have been sent to Ohio. Further, Plaintiff's cause of action arises directly from Adv-Care's contacts with Ohio. Viewing the factual allegations in the light most favorable to the Plaintiff, the Court finds that R.C. 2307.382(A)(4) applies here and authorizes personal jurisdiction over Adv-Care.[2]

### B. Exercising Personal Jurisdiction Over Defendant Would Not Violate Defendant's Due Process Rights Under the Fourteenth Amendment.

In addition to determining whether Ohio's long-arm statute confers personal jurisdiction over Adv-Care, this Court must also analyze whether exercising such jurisdiction over Adv-Care would deprive Adv-Care of the right to due process pursuant to the Fourteenth Amendment. *Conti v. Pneumatic Prod. Corp.*, 977 F.2d 978, 981 (6th Cir. 1992).

The analysis used to establish specific jurisdiction consists of three parts: "First, the

---

[2] As the Court has determined that R.C. 2307.382(A)(4) applies, the Court need not analyze whether additional sections of the long arm statute are applicable.

defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable." *Miller v. AXA Winterhur Ins. Co.*, 694 F.3d 675 (6th Cir. 2012) citing *Southern Machine Company v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968).

Purposeful availment is the first prong of the *Southern Machine* specific jurisdiction test, and requires a showing that defendant's contacts with the forum state "proximately result from actions by the defendant himself that create a substantial connection with the forum state," and when the defendant's conduct and connection with the forum are such that he "should reasonably anticipate being haled into court there." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474-75 (1985) (*quoting World-Wide Volkswagen v. Woodson*, 444 U.S. 286, 297 (1980). Put more simply, purposeful availment is required so that a defendant is not haled into court in a forum in which his contacts are the result of random, fortuitous, or attenuated events. *Burger King,* 471 U.S. at 475. The purposeful availment prong may be met in some cases using the "effects test" articulated by the Supreme Court in *Calder v. Jones*, 465 U.S. 783 (1984). Under the "effects test" a "nonresident defendant's single tortious act can establish purposeful availment, without regard to whether the defendant had any other contacts with the forum state,' so long as the tort "(1) was intentional; (2) was aimed at the forum state; and (3) caused harm that the defendant should have anticipated would be suffered in the forum state." *Louis Vuitton Malletier v. Mosseri*, 736 F. 3d 1339,

1356 (11th Cir. 2013). Although the "effects test" has been narrowed by the Sixth Circuit, the existence of intentional tortious conduct nonetheless "enhances" a party's other contacts with the forum state for purposes of a purposeful availment analysis. *Air Prod. & Controls, Inc. v. Safetech Int'l, Inc.*, 503 F.3d 544, 552–53 (6th Cir. 2007).

Here, Plaintiff argues that Defendant has purposefully availed itself of Ohio's jurisdiction because Defendant retained an agent to send unsolicited communications (allegedly in violation of the TCPA), and even if Defendant did not send the faxes itself, it could reasonably anticipate that its agent using its name, logo, and correct contact information would be sending communications to Ohio. (ECF #12 at 11) Moreover, the Bannis declaration makes clear that Defendant's contacts with Ohio, either directly or through an agent, were intentional, not random, fortuitous or accidental. While the number of Defendant's contacts with Ohio are minimal, these contacts are intentional, caused Plaintiff's injury in Ohio and form the basis of Plaintiff's cause of action. As such, Defendant's contacts with Ohio meet the purposeful availment prong of the *Southern Machine* specific personal jurisdiction test. See *Vandenberg & Sons Furniture, Inc. v. Katchen*, Case No. 1:12 CV 1021, 2013 WL 504168 at *4 (W.D. Mich. Feb. 12, 2013)(One fax sent into Michigan was "sufficient to trigger a federal cause of action under the TCPA" and constitutes purposeful availment.)

Demonstrating purposeful availment is not enough to establish personal jurisdiction; the cause of action in the instant case must arise from the Defendant's activities here. *Smucker Co. v. Weston Firm, P.C.*, Case No. 5:13 CV 448, 2013 WL 3713457 (N.D. Ohio July 15, 2013). Furthermore, the exercise of jurisdiction should be

reasonable. *Id.* "Arise from" has been interpreted to mean "related to" or "connected with" the defendant's contacts with the forum state. *Youn v. Track, Inc.*, 324 F.3d 409, 410 (6th Cir. 2003). Defendant asserts that it had no prior relationship with Plaintiff and the alleged fax must have been randomly sent by a third party–thus, these de minimus contacts are insufficient to establish that Plaintiff's cause of action arose from them. However, the Bannis declaration admits that Defendant hired an agent to send faxes in 2015 and that this unnamed agent did not keep a record of sent faxes. Thus, interpreting the evidence in a light most favorable to Plaintiff, it is very possible that it was Defendant's unnamed agent who sent the fax at issue which triggered Plaintiff's TCPA claim. Further, it appears that the contacts with Ohio that Defendant has acknowledged, are facsimile communications. Based upon the evidence before the Court, viewed in a light most favorable to Plaintiff, this action arises from Defendant's contacts with Ohio, thus fulfilling the second element of the *Southern Machine* test.

Finally, Defendant argues that the exercise of jurisdiction would be unreasonable because its contacts with Ohio are minimal and superficial and posits that the correct forum is one where there was substantial contact with the state. However, where the first two elements of the specific jurisdiction test are satisfied, the exercise of jurisdiction over the non-resident defendant is presumed to be reasonable. *Vlach v. Yaple*, 670 F.Supp.2d 644, 649 (N.D. Ohio 2009) *citing Third Nat'l Bank v. WEDGE Group Inc.*, 882 F.2d 1087, 1092 (6th Cir. 1989). "Only in unusual circumstances is the third element left unsatisfied, and the burden is on the defendant to show it." *Id.* (citation omitted.) Defendant has not shown that it would be unreasonably burdened by litigating in this

forum where its unsolicited fax triggered a TCPA claim.[3] Any burden imposed on Defendant is outweighed by the interest of both the Plaintiff and the State of Ohio in Plaintiff obtaining legal relief. Therefore, the third element of the *Southern Machine* test is satisfied.

## CONCLUSION

For the foregoing reasons, having determined that personal jurisdiction over Defendant is proper under the Ohio Long Arm Statute and comports with Federal Due Process, Defendant's Motion to Dismiss for lack of personal jurisdiction (ECF #10) is denied.

*/s/ Donald C. Nugent*
DONALD C. NUGENT
United States District Judge

DATED: October 31, 2017

---

[3]Finding jurisdiction unreasonable in these circumstances, especially where the first two elements of *Southern Machine* specific jurisdiction have been met, would deprive Ohio residents of their right to bring a TCPA claim against an out of state defendant where the defendant's contacts with Ohio were otherwise minimal.