IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ADVANCED DERMATOLOGY | ) | CASE NO:  1:17-cv-00251 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| -vs- | ) | **JOINT MOTION FOR FINAL** |
| | ) | **APPROVAL OF SETTLEMENT,** |
| ADV-CARE PHARMACY, INC. | ) | **INCENTIVE AWARD PAYMENT** |
| | ) | **AND ATTORNEY FEES** |
| Defendant. | ) | |

## I.  INTRODUCTION

The Parties to this action, Plaintiff Advanced Dermatology, individually and on behalf of the "Settlement Class" (as defined below), and Defendant ADV-Care Pharmacy, Inc., submit this motion for final approval of a proposed settlement ("Settlement") of this action, the award of incentive payment and attorney fees. The terms of the Settlement are set forth in the Settlement Agreement, attached as **Exhibit A**; for purposes of this Motion, the defined terms used in the Settlement Agreement shall have the same meaning herein. In light of the Parties' desire to resolve and conclude this action, they jointly move the Court to issue the Final Settlement Approval Order attached as **Exhibit B**.  The Parties request the Court issue an order as follows:

For purposes of this Settlement only, the Parties sought and the Court ultimately granted on November 19, 2018, preliminary and conditional: (1) certification of the Class; (2) appointment of Advanced Dermatology as the Class Representatives; (3) appointment of Ronald Frederick and Michael Berler of Frederick & Berler, LLC  as Class Counsel; (4) approval of the class action settlement of Sixty-Seven Thousand Six-Hundred Dollars ($67,600.00) ("Settlement Amount") to

1

be distributed pursuant to the terms of the Settlement Agreement; and (5) appointment of First Class, Inc. as Claims Administrator. In connection with its preliminary and conditional certification and approval of the Settlement Agreement, the Court scheduled a Settlement Fairness Hearing for April 22, 2019.

Given the information contained in the attached Memorandum in Support and the representations and arguments that will be made at the Settlement Fairness Hearing, the Advanced Dermatology submits this unopposed motion and requests the Court enter an Order granting final approval of the Settlement and certify the Settlement Class.

        Respectfully submitted,

*/s/Ronald I. Frederick*
Ronald I Frederick (0063609)
Michael L. Berler (0085728)
Frederick & Berler LLC
767 E. 185th Street
Cleveland, Ohio 44119
Phone:  (216) 502-1055
Fax:     (216) 566-9400
ronf@clevelandconsumerlaw.com
mikeb@clevelandconsumerlaw.com

*Attorneys for Plaintiff and the Class*

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ADVANCED DERMATOLOGY | ) | CASE NO: 1:17-cv-00251 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| -vs- | ) | **MEMORANDUM IN SUPPORT OF** |
| | ) | **JOINT MOTION FOR FINAL** |
| ADV-CARE PHARMACY, INC. | ) | **APPROVAL OF CLASS ACTION** |
| | ) | **SETTLEMENT** |
| Defendant. | ) | |

**I.  PRELIMINARY STATEMENT**

The Parties to this action, Plaintiff Advanced Dermatology, individually and on behalf of the "Settlement Class" (as defined below), and Defendant ADV-Care Pharmacy, Inc., submit this Memorandum in Support of their *Joint Motion For Final Approval Of Settlement, Incentive Award Payment And Attorney Fees* (the "Motion").  The Motion seeks final approval of the Settlement Agreement, which the Parties assert satisfies for purposes of settlement only all of the requirements imposed by Civil Rule 23.  Notice of the Settlement Agreement and the Settlement Fairness Hearing has been given in the manner this Court previously approved.  **No member of either Settlement Class has objected or opted out.**  Consequently, this Court should grant the Motion and issue an order approving the Settlement Agreement and certify the Settlement Class.

**II.  STATEMENT OF THE CASE**

Defendant ADV-Care Pharmacy, Inc. ("ADV-Care") is an online mail-order pharmacy located in Ontario-Canada, which sells medications, herbs and vitamins, medical aids and health or beauty products, within Canada and the United States. It maintains a website with products and

3

services advertised, and a brochure with a variety of products available to purchase. Plaintiff alleges that, on or about September 29, 2016, it received a facsimile to Plaintiff's fax machine soliciting Plaintiff to provide ADV-Care information to its patients.

Plaintiff's claim is premised on the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, ("TCPA"), which prohibits fax advertisements from being sent where there is no ongoing business relationship with the recipient, no consent is given to receive the facsimile, and the facsimile lacks the proper opt out language. Plaintiff alleges that ADV-Care sent to Plaintiff and Class Members' unsolicited fax advertisements to their telephone facsimile machines, entitling Plaintiff and the Class to statutory damages under the TCPA.

Plaintiff is an appropriate class representative as it alleges no ongoing business relationship with ADV-Care and it did not give consent to receive facsimiles from ADV-Care. Plaintiff filed its Complaint against ADV-Care on February 7, 2017, arguing that ADV-Care violated the rights of Plaintiff and similarly situated individuals or businesses.

ADV-Care vigorously denies that it violated the TCPA and contests all liability with respect to any and all facts alleged in this Action. ADV-Care agrees to this Settlement only to resolve the controversy, and to limit the burden of expense and uncertainty involved in litigation.

### III.     TERMS OF THE SETTLEMENT

The Settlement Agreement is the product of significant discovery efforts, and continued negotiation between the Parties. Plaintiff and ADV-Care believe that this settlement provides fair and favorable relief to the proposed Settlement Class.

#### A. The Settlement Class

##### 1. Class Definition

The Settlement Agreement provides for certification of a class for settlement purposes

4

only. The Settlement Class is defined as follows:

> All persons or business entities who were sent a telephone facsimile message of material advertising the commercial availability or quality of any property, goods, or services by or on behalf of ADV-Care Pharmacy, Inc. between February 7, 2014 to the date of execution of the Settlement Agreement.

(Settlement Agreement, **Exhibit A**, Para No. 10.7).

### 2. Class Membership Determination

The Settlement Class consists of all persons or business entities who were sent ADV-Care's facsimile advertisements between February 7, 2014 to the date of execution of the Settlement Agreement, October 12, 2018. (Settlement Agreement, **Exhibit A**, Para No. 12.1).

### B. Settlement Payment

Under the Proposed Settlement, ADV-Care agrees to establish a fund for the Settlement Benefits out of which will come all amounts for: (1) Settlement Administration Costs; (2) attorney's fees and costs; the (3) incentive award to the Representative Plaintiff; and (4) Class recovery to Class Members. ADV-Care will fund the Settlement Benefits by making installment payments to the Settlement Administrator as follows: $4,159.71 within 10 days of Preliminary Approval; $12,700, 30 days after Preliminary Approval; $12,700, 60 days after Preliminary Approval; $12,700, 90 days after Preliminary Approval; $12,700, 120 days after Preliminary Approval; and $12,700, 150 days after Preliminary Approval. (Settlement Agreement, **Exhibit A**, Para No. 15.2). After the final installment payment by ADV-Care, the Settlement Administrator will mail a Settlement Benefit to every eligible Class Member. (*Id.*, Para No. 15.3).

### C. Monetary Benefit to Class Members Agreement

ADV-Care has agreed to pay an amount in Settlement Benefits of no more than Sixty-Seven Thousand Six-Hundred Dollars ($67,600.00) to settle the claims asserted in this action. (Settlement Agreement, **Exhibit A**, Para No. 10.35). The (1) settlement administration costs,

attorneys' fees, (2) costs to Class Counsel as approved by the Court, and (3) the incentive award to the Class Representative, in that order, are to be paid from this common fund settlement. (*Id.*) The remainder is the class recovery and will be distributed on a pro-rata basis to each Class Member who submits a Valid Claim Form. (*Id.*) After One-Hundred and Eighty (180) calendar days any checks issued under this Settlement Agreement not cashed shall revert to ADV-Care. (*Id.,* Para No. 10.35.2.)

### D. Attorney's Fees and Expenses

The Settlement Agreement provides that Advanced Dermatology shall serve as Class Representative and that Ronald Frederick and Michael Berler of Frederick & Berler, LLC shall serve as Class Counsel. Pursuant to the Settlement Agreement, Class Counsel is entitled to apply to the Court for an award of attorney's fees and costs be paid from the Settlement Benefits in an amount not to exceed Forty-Five Thousand and 00/100 Dollars ($45,000.00). (Settlement Agreement, **Exhibit A**, Para No. 13.5). Class Counsel intends to apply for such an award and *Adv-Care has agreed not object to this request.* This award was negotiated only after a conditional agreement on relief to the class was reached.

### E. Incentive Award

Subject to approval of this Court, Adv-Care will pay an incentive award to the Class Representatives Advanced Dermatology, in the amount of One Thousand Five Hundred Dollars ($1,500.00) payable from the Settlement Fund, for serving in the capacity of class representative. The Advanced Dermatology assert that this is a fair amount, considering their extensive patience, loyalty to the class, and extensive time spent fulfilling their duties, including reviewing filings, discussing the facts with counsel, staying abreast of developments, and numerous telephone conversations over the years this case has been pending. This award was negotiated only after a

6

conditional agreement on relief to the class was reached. (Settlement Agreement, **Exhibit A**, Para No. 13.6).

## IV. CERTIFICATION OF THE SETTLEMENT CLASS IS PROPER

### 1. Standard for Certification of the Settlement Class

Before an action may be maintained as a class action under Civ.R. 23, the Court must find that seven requirements have been satisfied: "(1) an identifiable class must exist and the definition of the class must be unambiguous; (2) the named representatives must be members of the class; (3) the class must be so numerous that joinder of all members is impracticable; (4) there must be questions of law or fact common to the class; (5) the claims or defenses of the representative parties must be typical of the claims or defenses of the class; (6) the representative parties must fairly and adequately protect the interests of the class; and (7) one of the three Civ. R. 23(B) requirements must be met." *Hamilton v. Ohio Sav. Bank*, 82 Ohio St. 3d 67, 71, 694 N.E.2d 442 (1998). For settlement purposes, all of the requirements are satisfied.

### A. An Identifiable Settlement Class Exists, and its Definition is Unambiguous.

ADV-CARE's available records made it possible to unambiguously identify members of the defined Settlement Class.

### B. Advanced Dermatology is a Member of the Settlement Class.

Plaintiff Advanced Dermatology is a member of the Settlement Class. Within the relevant time period, it received unsolicited fax advertisements to its telephone facsimile machines, entitling Plaintiff and the Class to statutory damages under the TCPA

### C. The Settlement Class is Sufficiently Numerous.

Ohio Rule of Civil Procedure 23(A) authorizes class actions only if "the class is so numerous that joinder of all members is impracticable. "[T]here is no strict numerical test for

determining impracticability of joinder." *Golden v. City of Columbus*, 404 F.3d 950, 965 (6th Cir. 2005), (*quoting Am. Med. Sys., Inc.,* 75 F.3d at 1069) (internal quotation marks omitted); *Basile v. Merrill Lynch, Pierce, Fenner & Smith, Inc*., 105 F.R.D. 506 (S.D. Ohio 1985) (as few as 23 class members may be sufficient. Joinder of this number of individual claims would be impracticable. In this case, there are 32 Settlement Class Members. Managing all of these claims as separate actions would be impracticable, and resolution on a class-wide basis is preferable because this number is so large, especially when compared to the relatively small recovery for each individual Settlement Class Member.

### D. The Commonality Requirement is Met for Settlement Purposes.

Although ADV-CARE would have contested commonality were this case to proceed to litigation, for settlement purposes, Commonality is satisfied if there is a single issue common to all class members; "every question of law or fact need not be common to each class member." *Ames v. Robert Bosch Corp*., 2009 WL 803587 (N.D. Ohio March 24, 2009), *citing, Baby Neal for and by Kanter v. Casey*, 43 F.3d 48, 56- 57 (3rd Cir. 1994); *Moore v. Rohm & Haas Co., 43 Employee Benefits Cas.* 1337, 1342 (N.D. Ohio Nov.19, 2007); *In re American Medical Systems, Inc.,* 75 F.3d 1069, 1080 (6th Cir. 1996). ("[t]he commonality test, is qualitative rather than quantitative, that is, there need be only a single issue common to all members of the class."). *See also Prater v. Ohio Educ. Ass'n*., No. C2 04 1077, 2008 WL 2566364, at *3 (S.D. Ohio June 26, 2008) (finding that even a single common question of law or fact will satisfy the commonality requirement). The claims of the proposed Settlement Class all arise out of the same common nucleus of facts and raise the exact same legal issues. All Class Members had their received unsolicited facsimiles in violation of the TCPA. The Settlement Class presents no disparate

8

questions of law or fact that would affect the claims of class members. Under these circumstances, the commonality requirement is satisfied.

### E. Advanced Dermatology' Claims are Typical of Other Settlement Class Members' Claims.

The typicality requirement is satisfied so long as "there is no express conflict between the representatives and the class." *Warner*, 36 Ohio St.3d at 97, 521 N.E.2d 1091. The Parties are unaware of any conflict between Advanced Dermatology' interests and those of the class.

### F. Advanced Dermatology and its Counsel Fairly and Adequately Protect the Interests of the Class.

The adequacy requirement analyzes the adequacy of both the Class Representative and the proposed Class Counsel. *Warner*, 36 Ohio St.3d at 97, 521 N.E.2d 1091. "A representative is deemed adequate so long as his interest is not antagonistic to that of other Settlement Class Members." *Id.* As mentioned above, Advanced Dermatology interests appear consistent with those of other Settlement Class Members.

Class counsel "should be experienced in handling litigation of the type involved in the case before class certification is allowed." *Warner*, 36 Ohio St.3d at 97, 521 N.E.2d 1091. Proposed Class Counsel, Mr. Frederick, has extensive experience with consumer class actions since becoming licensed as an attorney in 1994 and concentrates his practice in the area of class action litigation. Mr. Frederick also frequently lectures on the subject of class actions for bar associations and other groups.

In addition, throughout this litigation, Advanced Dermatology and its counsel have demonstrated their commitment to vigorously prosecuting the case on behalf of the class. Here, the parties reached this settlement after prolonged negotiations. (Frederick Affid. ¶11.) Thus, the adequacy requirement is met here.

### G. Common Issues Predominate and Class-wide Settlement is Superior to Other Available Methods of Resolution.

In addition to satisfying the prerequisites of Rule 23(A), the proposed class satisfies Rule 23(B)(3), which requires that the court find that "questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Rule 23(B)(3). The Rule lists several factors that are relevant to this determination, which include: a) the interest of class members in controlling the prosecution of separate actions; b) the extent and nature of existing litigation concerning the controversy; c) the desirability of concentrating the litigation of the claims in a particular forum; and d) the difficulties likely to be encountered in the management of the class action.

This action satisfies both the standards and purpose of the Rule. As the Settlement Class is defined to include only those who were sent unsolicited facsimiles by ADV-CARE or its agents and there are no individual questions governing membership in the proposed Settlement Class. Certification of the Settlement Class will also eliminate the burden to the parties and class members of litigating disputed claims and will also conserve judicial resources. Therefore, the proposed Settlement Class is the most efficient means of resolving this litigation.

### V. THE COURT SHOULD GRANT FINAL APPROVAL BECAUSE THE SETTLEMENT IS FAIR, REASONABLE, AND ADEQUATE

The Ohio Civil Rules provide that a class action shall not be dismissed or compromised without the approval of the court and without notice of the proposed dismissal or compromise being given to all class members as the court directs. *See* Civ.R. 23(E). On January 8, 2019 the Claims Administrator mailed the Approved Notices, which provided, in part, notice to members of the Settlement Class of: (1) the Settlement Fairness Hearing; (2) the terms of the Settlement

Agreement; and (3) the method and manner in which to object to or opt-out of the Settlement Agreement. As of this filing, only one member of the Settlement Class has objected to or opted out of the Settlement Agreement.

### A. Standard for Settlement Approval

A class action cannot be settled until the trial court has determined, after a hearing, that the settlement is "fair, adequate and reasonable." *In re Kroger Co. Shareholders Litig.*, 70 Ohio App.3d 52, 67, 590 N.E.2d 391 (1st Dist.1990). In assessing the fairness, adequacy, and reasonableness of the proposed settlement, the court must consider: (1) the fairness and reasonableness of the proposed settlement to those affected by it; (2) the adequacy of the settlement to the class; and (3) whether the settlement proposed is in the public interest. *Id.* at 67-68. Other factors to be considered include the complexity, expense, and likely duration of the litigation; the stage of the proceedings and the amount of discovery completed; the risks of litigation; the resources of the defendant; the judgment of experienced trial counsel; the Plaintiffs' likelihood of success on the merits balanced against the amount and form of relief offered in the settlement; and the objections of class members. *Id.* at 67, n.9. The determination of whether a settlement is fair, adequate, and reasonable is in the sound discretion of the trial court. *Id.* at 68.

### B. The Settlement Agreement Is Fair, Adequate, and Reasonable

In this case, consideration of these factors demonstrates that the settlement is fair, adequate, and reasonable. The settlement benefits the Settlement Class Members by providing a cash payment. This will yield benefits to the Settlement Class Members in the form of payments totaling Seven Thousand Six-Hundred Dollars ($67,600.00), less the costs of class administration, incentive payments and attorneys' fees.

Absent settlement, recovery of these benefits through continued litigation would be uncertain; ADV-CARE hotly disputes any liability, and some of the potentially dispositive legal questions presented in this case appear to be matters of first impression in Ohio courts.

Further, the complexity, expense, and duration of proceeding with this litigation militate in favor of this settlement. Despite the fact that this case has been pending for twenty-five (25) months, it remains in relative infancy, with the issue of class certification unresolved, along with the extensive discovery that would follow. Any decision this Court were subsequently to make with respect to class certification would then be immediately appealable, and only following resolution of that appeal would this Court have the opportunity to address the merits of the claims on motions for summary judgment and, depending on the outcome of those motions, trial. That resolution, too, would be subject to appeal. Absent this settlement, which will yield direct benefits to the Settlement Class Members within a few months, any recovery to the Settlement Class Members would almost certainly be years away, during which time all Parties would incur substantial legal fees and expenses.

Additionally, Class Counsel, in the exercise of their professional judgment and with the benefit of their substantial experience litigating similar claims, believes that the proposed settlement is in the best interests of the Settlement Class. The chance of success on the merits is highly contested, and the proposed settlement is a fair, reasonable and adequate compromise of those claims.

Taken together, all of these factors support approval of the Settlement Agreement as fair, reasonable, and adequate.

**VI. CONCLUSION**

The Parties respectfully request that the Court grant final approval of the Settlement Agreement and grant final certification of the Settlement Class.

Respectfully submitted,

*/s/ Ronald I. Frederick*
Ronald I. Frederick (#0063609)
Michael L. Berler (#085728)
Frederick & Berler LLC
767 East 185th Street
Cleveland, Ohio 44119
Telephone: (216) 502-1055
Facsimile: (216) 566-9400
ronf@clevelandconsumerlaw.com
mike@clevelandconsumerlaw.com
*Counsel for Plaintiff*


*/s/ Nicole V. Ozeran*
Nicole V. Ozeran (CA SBN 302321)
*Admitted pro hac vice*
Century Plaza Towers 2029 Century Park East
Suite 3100
Los Angeles, CA 90067
Telephone: 310-586-3200
Facsimile: 310-586-3202
nvozeran@mintz.com
*Counsel for Defendant*

## *CERTIFICATE OF SERVICE*

I hereby certify that a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

*/s/Ronald Frederick*
Ronald I. Frederick
Frederick & Berler LLC
*Attorney for Plaintiff and Class Members*